UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| N.A. individually and on behalf of M.A., a child with a disability,<br><br><br>Plaintiff,<br><br><br>-v-<br><br><br><br>NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br><br>Defendant. |

CIVIL ACTION NO.: 21 Civ. 2643 (PGG) (SLC)

**OPINION & ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

## I.  INTRODUCTION

On August 4, 2022, the Court issued a Report and Recommendation recommending that Plaintiff N.A.'s motion for summary judgment be granted in part and denied in part, and Plaintiff be awarded $37,329.50 in attorneys' fees and $612.55 in costs incurred in an administrative hearing under the Individuals with Disabilities in Education Act, 20 U.S.C. §§ 1400 et seq. ("IDEA") and this related federal action.  (ECF No. 48 (the "R&R")).  Now before the Court is the motion of Defendant New York City Department of Education ("DOE") requesting a pre-motion conference, or, in the alternative, reconsideration of the R&R, as well as an extension of the time to file objections to the R&R.  (ECF No. 49 (the "Motion")).  For the reasons set forth below, the Motion is GRANTED IN PART and otherwise DENIED AS MOOT.

## II.  BACKGROUND

The Court incorporates by reference the factual and procedural background set forth in the R&R, and employs the same defined terms as appear therein.  (See ECF No. 48).  Accordingly, the Court discusses only the background relevant to the Motion.

On August 2, 2021, DOE made an offer to N.A. to settle this action in the amount of $29,720.00 (the "Offer"), which N.A. rejected.  (ECF Nos. 28 ¶¶ 11, 17–18; 28-1 ¶ 2).  In the R&R, the Court recommended that N.A. be granted an award of attorneys' fees in the amount of $24,652.00 for the administrative proceeding, $12,677.50 in attorneys' fees for the federal action, and $612.55 in costs, plus post-judgment interest pursuant to 28 U.S.C. § 1961.  (ECF No. 48 at 25).  The Court reduced the hourly rate applicable to N.A.'s attorneys and paralegals.  (Id. at 8–16).  As to the attorneys' fees for the administrative proceeding, the Court found that a 20% reduction in hours was appropriate, and recommended an award of attorneys' fees in the amount of $24,652.00.  (Id. at 20).  As to the attorneys' fees for the federal action, the Court found that a 50% across-the-board reduction in the number of hours awarded was warranted, and after applying that reduction to the hours N.A.'s attorneys incurred in the entire federal action, calculated the award of attorneys' fees for the federal action in the amount of $12,677.50.  (Id. at 21).  Because the two recommended amounts totaled $37,329.50, which exceeded DOE's Offer, the Court concluded that IDEA § 1415(i)(3)(D)(i) did not preclude the award of fees incurred in the federal action after August 2, 2021, the date of the Offer.  (Id. at 22).

On August 11, 2022, DOE filed the Motion.  (ECF No. 49 at 2–3).  DOE contends that the Court erred in concluding that the DOE's Offer was less favorable than the award the Court recommended.  (Id. at 2).  Specifically, DOE pointed out that the Court compared the Offer against the recommended award of attorneys' fees and costs for the administrative proceeding plus the recommended award for the entire duration of the federal action, instead of only the amount of attorneys' fees and costs that had accrued as of the date of the Offer.  (Id.)  Using the reduced hourly rates and the 50% reduction, DOE calculated the amount of fees incurred as of

the date of the Offer to be $1,097.50, which, when added to the recommended fees for the

administrative proceeding ($24,652.00), totaled $24,749.50, almost $4,000 less than the Offer,

and argued that therefore, IDEA § 1415(i)(3)(D)(i) precluded an award of fees incurred in the

federal action after August 2, 2021.  (Id. at 3).

At the Court's direction, on August 12, 2022, Plaintiff submitted a letter stating that, "[i]n

the event that [the Court] does agree with [DOE]'s request for reconsideration, Plaintiff does not

believe pre-motion conference is necessary for reconsidering the [Aug. 4, 2022 Order] for the

reasons specified by" DOE, and that the Aug. 4, 2022 Order "explicitly states '[a]ny requests for

an extension of time for filing objections must be addressed to Judge Gardephe.'"  (ECF No. 51

at 1 (quoting ECF No. 48 at 26)).  Plaintiff did not substantively respond to DOE's argument that

the Court made an incorrect calculation in analyzing the settlement bar in IDEA § 1415(i)(3)(D)(i).

(See id.)

## III.  DISCUSSION

### A.  Legal Standard

Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b) govern motions for

reconsideration.  Local Civil Rule 6.3 specifies timing, giving the moving party fourteen days after

an entry of judgment to file a motion for reconsideration.  Loc. Civ. R. 6.3.  Rule 60(b) provides

> On motion and just terms, the court may relieve a party or its legal representative
> from a final judgment, order, or proceeding for the following reasons:  (1) mistake,
> inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that,
> with reasonable diligence, could not have been discovered in time to move for a
> new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or
> extrinsic), misrepresentation, or misconduct by opposing party; (4) the judgment
> is void; (5) the judgment has been satisfied, released or discharged; it is based on
> an earlier judgment that has been reversed or vacated; or applying it prospectively
> is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) affords "'extraordinary judicial relief'" that "can be granted 'only upon a showing of exceptional circumstances.'"  Kubicek v. Westchester County, No. 08 Civ. 372 (ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting Nemaizer v. Baker, 793 F.2d 58, 61, (2d Cir. 1986)).  The reconsideration standard "is strict," and reconsideration is generally only granted upon a showing of "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration is not "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced."  Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).  It is not a way to "advance new facts, issues or arguments not previously presented to the Court."  Polsby v. St. Martin's Press, Inc., No. 97 Civ. 960 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal citation omitted).  The "moving party bears the burden of proof."  Freedom, N.Y., Inc. v. United States, 438 F. Supp. 2d 457, 462 (S.D.N.Y. 2006).

The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'"  Premium Sports Inc. v. Connell, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009)).

**B. Application**

The Court finds that DOE has demonstrated that the Court made a mistake in its application of IDEA § 1415(i)(3)(D)(i) in the R&R, such that reconsideration is warranted.  As DOE correctly points out, under the IDEA's fee-shifting provision, a court may not award attorneys'

fees and costs "subsequent to the time of a written offer of settlement to a parent if" the court

"finds that the relief finally obtained by the parents is not more favorable to the parents than the

offer of settlement." 20 U.S.C. § 1415(i)(3)(D)(i).  Under this provision, N.A. cannot recover fees

for any hours or costs that her attorneys expended after August 2, 2021 unless the Court awards

her more than the DOE's Offer of $29,720.00.  See R.P. v. N.Y.C. Dep't of Educ., No. 21 Civ. 4054

(JMF), 2022 WL 1239860, at *6 (S.D.N.Y. Apr. 27, 2022) (awarding no fees after date of DOE's

settlement offer, which exceeded amount court awarded); H.C. v. N.Y.C. Dep't of Educ., No. 20

Civ. 844 (JLC), 2021 WL 2471195, at *10–11 (S.D.N.Y. June 17, 2021) (same); O.R. v. N.Y.C. Dep't

of Educ., 340 F. Supp. 3d 357, 371 (S.D.N.Y. 2018) (same).  When the Court applies the 50% across-

the-board reduction to only the hours N.A.'s attorneys incurred before August 2, 2021 (see ECF

No. 33-1 at 2–6), at the reduced hourly rate, the recommended amount of attorneys' fees totals

$1,127.50, as follows:

| Timekeeper | Requested Rate | Awarded Rate | Requested Hours | Awarded Hours (50% reduction) | Awarded Amount |
|---|---|---|---|---|---|
| A. Cuddy | $550 | $375 | 0.9 | 0.45 | $168.75 |
| K. Mendillo | $450 | $300 | 0.3 | 0.15 | $45.00 |
| B. Kopp | $400 | $225 | 1.0 | 0.50 | $112.50 |
| B. Bouchard | $375 | $200 | 7.2 | 3.60 | $720.00 |
| C. O'Donnell | $225 | $100 | 0.5 | 0.25 | $25.00 |
| S. Cuddy | $225 | $125 | 0.9 | 0.45 | $56.25 |
| **TOTAL** | | | **10.8** | **5.40** | **$1,127.50** |

When this figure is combined with the recommended amount of fees for the

administrative proceeding, $24,652.00, plus the recommended amount of costs of $612.55, the

total is $26.392.50, which is $3,327.95 less than the Offer.  The Court therefore erred in the R&R

when it concluded that, because the recommended award was more favorable than the Offer,

IDEA § 1415(i)(3)(D)(i) did not preclude an award of fees after August 2, 2021.  Under these

circumstances, the Court finds that reconsideration is warranted, and, accordingly, will issue an Amended Report and Recommendation correcting this error and recalculating the recommended award of attorneys' fees and costs.  See, e.g., McPhatter v. M. Callahan & Assocs., LLC, No. 11 Civ. 5321 (NGG) (LB), 2013 WL 3981106, at *1 (E.D.N.Y. Aug. 2, 2013), adopted by, 2013 WL 5209926 (E.D.N.Y. Sept. 13, 2013) (granting motion to reconsider and issuing amended report and recommendation where plaintiff demonstrated additional fact that impacted court's analysis); Accurso v. Majestic Pools, Inc., No. 06 Civ. 13 (RGA) (LGF), 2008 WL 2080744, at *2 (W.D.N.Y. May 15, 2008) (granting motion for reconsideration and issuing amended report and recommendation analyzing claim that court had not analyzed in initial report and recommendation).

## IV.  CONCLUSION

For the reasons set forth above, DOE's Motion (ECF No. 49) is GRANTED IN PART to the extent that the Court shall issue contemporaneously with this Opinion & Order an amended Report and Recommendation, to which the parties will have fourteen (14) days to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and DOE's request for an extension of time to file objections to the R&R is DENIED AS MOOT.

The Clerk of the Court is respectfully directed to close ECF No. 49.

Dated:      New York, New York
            August 15, 2022

_____
SARAH L. CAVE
**United States Magistrate Judge**

6