UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

N.A., Individually and On Behalf of M.A., a
Child With a Disability,

                                 Plaintiff,

                - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                                 Defendant.

**ORDER**

21 Civ. 2643 (PGG) (SLC)

PAUL G. GARDEPHE, U.S.D.J.:

Plaintiff N.A., on behalf of herself and her minor child, M.A., brings this action

against the New York City Department of Education ("DOE") pursuant to the Individuals with

Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq.  (Cmplt. (Dkt. No. 1) at 1, ¶ 1)

Plaintiff has moved for an award of attorneys' fees and costs.  (Pltf. Mot. (Dkt.

No. 23))  On June 2, 2022, this Court referred Plaintiff's motion to Magistrate Judge Sarah L.

Cave for a Report and Recommendation ("R&R").  (Order (Dkt. No. 47))  In an August 15, 2022

Amended R&R, Judge Cave recommends that Plaintiff be awarded $24,652.00 in attorneys' fees

incurred in connection with the underlying administrative proceeding; $1,127.50 in attorneys'

fees incurred in connection with the instant action; $612.55 in costs; and post-judgment interest.

(Am. R&R (Dkt. No. 53) at 26)  The Amended R&R will be adopted as set forth below.

## BACKGROUND

### I.   FACTS

Plaintiff N.A., on behalf of her minor child M.A., filed a due process complaint

on January 14, 2019, alleging violations of IDEA.  (Def. Resp. (Dkt. No. 36) ¶¶ 7, 9)  Plaintiff

alleged that DOE had not provided M.A. – a child who has a disability as defined in IDEA – with a free and appropriate public education ("FAPE") for the 2016-2017, 2017-2018, and 2018-2019 school years.  (Id. ¶¶ 3, 7, 9)  Plaintiff requested the following relief:  (1) an independent neuropsychological evaluation; (2) an independent physical therapy evaluation; (3) a DOE-conducted functional behavioral assessment and behavior intervention plan; (4) a DOE-conducted speech and language evaluation; (5) the addition of applied behavior analysis ("ABA") to M.A.'s individualized education plan ("IEP"); (6) parent counseling and training; (7) a reconvening of DOE's Committee on Special Education to develop an IEP with appropriate recommendations; (8) an order requiring DOE to provide Plaintiff with encounter attendance records for M.A.'s related services; (9) make-up related services; and (10) compensatory educational services in the form of in-home ABA therapy at an enhanced rate.  (Id. ¶ 10)

On June 11, 2019, the impartial hearing officer (the "IHO") issued an interim order directing DOE to fund an independent neuropsychological evaluation, and to conduct a speech and language evaluation, functional behavior assessment, and develop a behavior intervention plan for M.A. before the end of the 2018-2019 school year.  (Id. ¶ 12; Lawrence Decl. (Dkt. No. 38) ¶ 10)  On September 13, 2019, the IHO conducted a hearing concerning Plaintiff's due process complaint, at which Plaintiff presented two witnesses, but introduced no exhibits.  (Def. Resp. (Dkt. No. 36) ¶¶ 14-15; Lawrence Decl. (Dkt. No. 38) ¶ 13)  DOE did not offer evidence at the hearing, and only briefly cross-examined Plaintiff's two witnesses. (Lawrence Decl. (Dkt. No. 38) ¶ 13)  The hearing lasted one hour.  (Id.)  On September 13, 2019, the IHO entered an interim order directing DOE to fund an independent physical therapy evaluation to be conducted by a qualified evaluator of Plaintiff's choosing.  (Def. Resp. (Dkt. No. 36) ¶ 13; Lawrence Decl. (Dkt. No. 38) ¶ 14)

2

In an April 17, 2020 decision, the IHO concluded that "DOE has not provided [M.A. with] a free and appropriate education during the entire period of time in question," and directed DOE to (1) fund 2,000 hours of compensatory ABA, at $140 per hour; (2) utilize a board-certified behavior analyst to conduct a functional behavior assessment and develop a behavior intervention plan, if warranted; (3) conduct a speech and language evaluation of M.A.; (4) develop a new IEP for M.A. that includes placement in a program with ABA, and provides an appropriate home ABA component; and (5) hold an IEP conference to incorporate the evaluation findings and modify the IEP as appropriate.  (Coretti Decl., Ex. 5 ("IHO Decision") (Dkt. No. 30-5) at 9-10)

## II.   **PROCEDURAL HISTORY**

The instant action was filed on March 26, 2021.  (Cmplt. (Dkt. No. 1))  Having prevailed before the IHO, Plaintiff now seeks $94,846.83 in attorneys' fees and costs under IDEA's fee-shifting provision, 20 U.S.C. § 1415(i)(3), as well as pre- and post-judgment interest. (Id. ¶¶ 27-33; A. Cuddy Decl. (Dkt. No. 33) ¶ 14)

On August 2, 2021, DOE made an offer of settlement in the amount of $29,720.00, pursuant to 20 U.S.C § 1415(i)(3)(D).  (Bouchard Decl. (Dkt. No. 28) ¶ 18; Bouchard Decl., Ex. 1 (Dkt. No. 28-1) ¶ 2)  Plaintiff rejected the offer.  (Bouchard Decl. (Dkt. No. 28) ¶ 18)

On December 13, 2021, Plaintiff moved for summary judgment.  (Pltf. Mot. (Dkt. No. 23))  On June 2, 2022, this Court referred Plaintiff's motion to Magistrate Judge Cave for an R&R.  (Order (Dkt. No. 47))  In an August 15, 2022 Amended R&R, Judge Cave recommends that Plaintiff be awarded $24,652.00 in attorneys' fees incurred in connection with the underlying administrative proceeding; $1,127.50 in attorneys' fees incurred in connection

with the instant action; $612.55 in costs; and post-judgment interest.  (Am. R&R (Dkt. No. 53) at 26)

In an August 11, 2022 letter, DOE sought reconsideration, arguing that Judge Cave had erred in concluding that DOE's August 2, 2021 offer of settlement was less favorable than the award recommended in the R&R.  (Aug. 11, 2022 Def. Ltr. (Dkt. No. 49) at 2-3)  On the same day, Judge Cave directed Plaintiff to respond to DOE's request for reconsideration.  (Aug. 11, 2022 Order (Dkt. No. 50))  Although Plaintiff submitted an August 12, 2022 letter to Judge Cave, Plaintiff did not substantively address DOE's request for reconsideration.  (Aug. 12, 2022 Pltf. Ltr. (Dkt. No. 51))  On August 15, 2022, Judge Cave granted DOE's motion for reconsideration and issued an Amended R&R in which she recommends that Plaintiff be awarded $1,127.50 in attorney's fees in connection with the instant action.  (Aug. 15, 2022 Order (Dkt. No. 52) at 6; Am. R&R (Dkt. No. 53) at 26)  The other components of the original R&R were not altered.

On August 18, 2022, Plaintiff filed objections to the original R&R, the August 15, 2022 order granting reconsideration, and the Amended R&R.  (Pltf. Obj. (Dkt. No. 55))

## DISCUSSION

## I.   LEGAL STANDARDS

### A.   Review of a Report and Recommendation

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Where a timely objection has been made to a magistrate judge's recommendation, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

objection is made." Id.  However, "[o]bjections that are 'merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.'" Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (second alteration in original) (quoting Vega v. Artuz, No. 97 Civ. 3775 (LTS) (JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)).  "To the extent . . . that the party . . . simply reiterates the original arguments, [a court] will review the Report strictly for clear error." IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07 Civ. 6865 (LTS) (GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citing Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343 (WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)); see also Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are 'merely perfunctory responses,' . . . 'rehashing . . . the same arguments set forth in the original petition.'") (citing Vega, 2002 WL 31174466, at *1; Greene v. WCI Holdings, 956 F. Supp. 509, 513 (S.D.N.Y. 1997)).

As to portions of an R&R to which no timely objection is made, this Court's review is limited to a consideration of whether there is any "'clear error on the face of the record'" that precludes acceptance of the recommendations. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

**B.**     **IDEA Fee Awards**

IDEA provides that "[w]henever a complaint has been received . . . , the parents

or the local educational agency involved in such complaint shall have an opportunity for an

impartial due process hearing[] . . . ." 20 U.S.C. § 1415(f)(1)(A).  If a parent is the "prevailing

party" at the hearing, the court may award "reasonable attorneys' fees as part of the costs[.]"  20

U.S.C. § 1415(i)(3)(B)(i)(I).

A party seeking an award of attorneys' fees and costs under IDEA must show (1)

that it "is in fact a prevailing party[,]" and (2) that the attorneys' fees and costs sought are

reasonable "under the appropriate standard[]."  Mr. L. v. Sloan, 449 F.3d 405, 407 (2d Cir.

2006); see H.C. v. N.Y.C. Dep't of Educ., No. 20 Civ. 844 (JLC), 2021 WL 2471195, at *3

(S.D.N.Y. June 17, 2021) (discussing two-pronged inquiry).  To determine a "reasonable"

attorneys' fee award, the court makes an "initial estimate" by "multiplying the number of hours

reasonably expended on the litigation times a reasonable hourly rate."  Blum v. Stenson, 465

U.S. 886, 888 (1984) (citing Hensley v. Eckerhart, 461 U.S. 424 (1983)).  This calculation

results in the "lodestar" figure, which the Second Circuit refers to as the "presumptively

reasonable fee."  Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany &

Albany Cnty. Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008).  "[T]he presumption that the

lodestar represents a reasonable fee award is especially strong, and departures from that figure

will be 'rare.'"  R.P. v. N.Y.C. Dep't of Educ., No. 21 Civ. 4054 (JMF), 2022 WL 1239860, at

*2 (S.D.N.Y. April 27, 2022) (quoting Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552-54

(2010)).

"The reasonable hourly rate is the rate a paying client would be willing to pay."

Arbor Hill, 522 F.3d at 190.  An attorneys' fee award under IDEA must be "based on rates

prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C); see also 20 U.S.C. § 1415(i)(3)(F)(ii) (providing that court must reduce attorneys' fees award, where "the amount of the attorneys' fees otherwise authorized to be awarded unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience[]"). In determining the reasonable hourly rate, courts must consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Lilly v. City of New York, 934 F.3d 222, 228 (2d Cir. 2019).[1]

        In determining the number of hours reasonably expended, "[t]he Court's task is to make 'a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended.'" K.O. v. N.Y.C. Dep't of Educ., No. 20 Civ. 10277 (LJL), 2022 WL 1689760, at *12 (S.D.N.Y. May 26, 2022) (quoting Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994)). The Court must reduce the amount of the attorneys' fee awarded, where "the time spent and legal services furnished were excessive considering the nature of the action or proceeding." 20 U.S.C. § 1415(i)(3)(F)(iii). "[T]he district court should exclude excessive, redundant[,] or otherwise unnecessary hours[] . . . ." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999) (citing Hensley, 461 U.S. at 433- 35). The Court has "ample discretion" to assess the "amount of work that was necessary to

---

[1] These twelve factors have come to be known as the "Johnson factors." See Lilly, 934 F.3d at 228 (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

achieve the results in a particular case . . . ." Ortiz v. Regan, 980 F.2d 138, 141 (2d Cir. 1992),

aff'd, 584 F. App'x 17 (2d Cir. 2014) (citing Hensley, 461 U.S. at 437).

## II.   ANALYSIS

Because it is undisputed that Plaintiff prevailed in the administrative proceeding,

"the sole question on the [m]otion is what amount of fees and costs are 'reasonable.'"  (Am.

R&R (Dkt. No. 53) at 7 (quoting Hensley, 461 U.S. at 433; citing R.P., 2022 WL 1239860, at

*2).  As discussed above, in calculating a "reasonable" attorneys' fee award, a court must

determine (1) a reasonable hourly rate, and (2) the number of hours reasonably expended on the

litigation.  See Blum, 465 U.S. at 888.  Here, Plaintiff argues that Judge Cave erred as to both

components.  (See Pltf. Obj. (Dkt. No. 55) at 3-9)  Plaintiff also contends that Judge Cave should

have denied DOE's request for reconsideration and, in any event, given weight to Plaintiff's

reasons for rejecting DOE's settlement offer.  (Id. at 2-3)

### A.   Reasonable Hourly Rate Determination

Plaintiff has been represented by the Cuddy Law Firm ("Cuddy") in this

litigation, and contends that the following hourly rates are appropriate for Cuddy attorneys and

staff:  $550 for the senior attorneys; $400-$450 for the mid-level attorneys; $375 for the junior

attorneys; and $225 for the paralegals.  (A. Cuddy Decl. (Dkt. No. 27) ¶ 63; A. Cuddy Decl., Ex.

A (Dkt. No. 27-1) at 1; A. Cuddy Decl., Ex. B (Dkt. No. 27-2) at 1))  Judge Cave rejects

Plaintiff's requested billing rates, finding that the following billing rates are appropriate:  $375

for the senior attorneys; $225-300 for the mid-level attorneys; $200 for the junior attorneys; and

$100-$125 for the paralegals.  (Am. R&R (Dkt. No. 53) at 15-16)

In arguing for higher billing rates, Plaintiff submitted declarations from Adrienne

Arkontaky, Cuddy's managing attorney (Arkontaky Decl. (Dkt. No. 26)), as well as declarations

from a number of other Cuddy attorneys (A. Cuddy Decl. (Dkt. No. 27); A. Cuddy Decl. (Dkt. No. 33); Bouchard Decl. (Dkt. No. 28); Kopp Decl. (Dkt. No. 29); Coretti Decl. (Dkt. No. 30)). In these declarations, the Cuddy attorneys attest to hourly rates agreed to and paid by other Cuddy clients, as well as hourly rates DOE has paid to parents in other IDEA cases.  (See Arkontaky Decl. (Dkt. No. 26) ¶¶ 13, 16, 20, 24-26, 30-34; A. Cuddy Decl. (Dkt. No. 27) ¶¶ 58-59; Kopp Decl. (Dkt. No. 29) ¶¶ 17-19)  Plaintiff has also submitted a declaration from Steven A. Tasher, whom Plaintiff retained to provide an expert opinion regarding the fees and costs sought here.  (Tasher Decl. (Dkt. No. 31))  Plaintiff also referenced affidavits and declarations filed in other cases by attorneys who specialize in IDEA litigation.  (See Kopp Decl. (Dkt. No. 29) ¶¶ 20, 23)  Finally, Plaintiff submitted records obtained from DOE through the New York Freedom of Information Law ("FOIL") showing the attorneys' fees requested and actual settlement amounts in other IDEA cases.  (Kopp Decl., Ex. 3 (Dkt. No. 29-3); Kopp Decl., Ex. 5 (Dkt. No. 29-5); Kopp Decl., Ex. 7 (Dkt. No. 29-7); Kopp Decl., Ex. 9 (Dkt. No. 29-9); Kopp Decl., Ex. 10 (Dkt. No. 29-10); Kopp Decl., Ex. 11 (Dkt. No. 29-11))

After considering the Johnson factors, Judge Cave concludes that Plaintiff's requested hourly rates are "excessive[] . . . ." (Am. R&R (Dkt. No. 53) at 11)  In reaching this conclusion, Judge Cave first notes that the hearing before the IHO was brief – lasting less than an hour – and was largely not contested by DOE.  (Id.)  DOE offered no evidence of any sort, and conducted only brief cross-examinations of two witnesses.  (Id.)  Judge Cave then observes that this case does not "involve[] novel or difficult questions, [and does not] demand a . . . high level of skill[,]" given that liability was largely not contested.  (Id. (quoting M.D. v. N.Y. Dep't of Educ., No. 20 Civ. 6060 (LGS), 2021 WL 3030053, at *3 (S.D.N.Y. July 16, 2021))

As to the declarations from other attorneys who litigate IDEA cases, Judge Cave finds this proof unpersuasive, noting that these declarations do not demonstrate that the rates at issue here were actually paid by clients, and that no context is provided for billing rates that were actually paid.  (Id. at 11-12 (citing L.L. v. N.Y.C. Dep't of Educ., No. 20 Civ. 2515 (JPO), 2022 WL 392912, at *3 (S.D.N.Y. Feb. 9, 2022)))  Judge Cave also finds the Arkontaky declaration unpersuasive, because most of the cases cited do not involve IDEA administrative proceedings, and none involved the New York City DOE.  (Id. at 12)  Judge Cave also finds the Tasher declaration unpersuasive, because the fact that clients may have previously agreed to pay Cuddy a particular rate does not establish that that rate is reasonable, and Tasher relies on billing rates charged by three other law firms who performed work that is not "'comparable to the work [Cuddy] was required to do in this case.'"  (Id. at 13 (quoting S.H. v. N.Y.C. Dep't of Educ., No. 21 Civ. 4967 (LJL), 2022 WL 254070, at *7 (S.D.N.Y. Jan. 26, 2022)))

As to the records Plaintiff obtained through FOIL requests – which show the requested attorneys' fees and actual settlement amounts in other IDEA cases – Judge Cave concludes that the records "'lack sufficient context'" for the Court to use them as the basis for determining appropriate billing rates here.  (Id. at 13-14 (quoting M.H. v. N.Y.C. Dep't of Educ., No. 20 Civ. 1923 (LJL), 2021 WL 4804031, at *11 (S.D.N.Y. Oct. 13, 2021))).

Plaintiff's objections to Judge Cave's reasonable hourly rate determinations (see Pltf. Obj. (Dkt. No. 55) at 3-9) are addressed below.

1.      **Arkontaky Declaration**

Plaintiff argues that Judge Cave should have relied on the Arkontaky declaration and used "'the amount actually charged by counsel'" as her standard for determining reasonable billing rates here.  (Id. at 3-4 (quoting Themis Capital v. Democratic Republic of Congo, No. 09

Civ. 1652 (PAE), 2014 WL 4379100, at *7 (S.D.N.Y. Sept. 4, 2014); citing U.S. Bank Nat'l

Ass'n v. Dexia Real Est. Cap. Markets, 12 Civ. 9412 (PAE) 2016 WL 6996176, at *8 (S.D.N.Y.

Nov. 30, 2016)))  As Judge Cave finds, however, only three of the cases cited in that declaration

appear to involve an IDEA administrative proceeding, and none of those cases was brought in

New York City or involved DOE.  (Am. R&R (Dkt. No. 53) at 12; see Arkontaky Decl. (Dkt.

No. 26) ¶¶ 24-27, 29-34, 36-38; see also Lawrence Decl. (Dkt. No. 39) ¶ 13; Nealon Decl. (Dkt.

No. 40) ¶ 15 (noting that "the Arkontaky declaration and its exhibits deal exclusively with

attorneys in the [Cuddy] office in Valhalla, New York[,]" and that no "retainer agreement is

attached for the Auburn, New York[-]based attorneys whose billing is at issue in this matter[]"))

        Judge Cave further finds that

> [Plaintiff] has not shown any reason to depart from "the practice of other judges
> in this [D]istrict" in "declin[ing] to rely on these rates as the starting point for the
> analysis of presumptively reasonable fees, 'because the submitted evidence either
> does not substantiate such rates were actually paid (versus claimed), or where
> rates are asserted to have been actually paid, does not provide relevant context for
> such rates billed.'"

(Am. R&R (Dkt. No. 55) at 12 (second and third alterations in original) (quoting L.L., 2022 WL

392912, at *3; S.J. v. N.Y.C. Dep't of Educ., 20 Civ. 1922 (LGS), 2021 WL 100501, at *3

(S.D.N.Y. Jan. 12, 2021)))

        For the reasons explained by Judge Cave, this Court concludes that the Arkontaky

declaration is not a reliable source for billing rates that are "charged locally" for proceedings

similar to those at issue here, nor is it a reliable source as to what "a reasonable, paying client

would have paid" for the services rendered by the Cuddy firm in the instant action.  Arbor Hill,

522 F.3d at 191.  Accordingly, this Court adopts Judge Cave's refusal to give weight to the

Arkontaky declaration in determining reasonable hourly rates.

      **2.**    **Tasher Declaration**

Judge Cave concludes that the Tasher declaration improperly offers an opinion on the ultimate issue here – whether Cuddy's requested billing rates are reasonable – and is not persuasive on the merits.  (Am. R&R (Dkt. No. 53) at 13 (citing <u>S.H.</u>, 2022 WL 254070, at *7; <u>K.O.</u>, 2022 WL 1689760, at *11); <u>id.</u> (citing <u>S.H.</u>, 2022 WL 254070, at *7; <u>M.H.</u>, 2021 WL 4804031, at *11; <u>K.O.</u>, 2022 WL 1689760, at *11))  In her objections, Plaintiff argues that Judge Cave erred in concluding that the Tasher declaration constitutes improper expert opinion.  (Pltf. Obj. (Dkt. No. 55) at 4)

Plaintiff notes that Federal Rule of Evidence 704(a) states that "[a]n opinion is not objectionable just because it embraces an ultimate issue."  Fed. R. Evid. 704(a).  However, the Second Circuit has ruled that Rule 704(a) "has not 'lower[ed] the bar[] so as to admit all opinions,'" and that – notwithstanding the plain language of Rule 704(a) – "[t]his circuit is in accord with other circuits in requiring exclusion of expert testimony that expresses a legal conclusion."  <u>Hygh v. Jacobs</u>, 961 F.2d 359, 363 (2d Cir. 1992) (first alteration in original) (quoting Fed. R. Evid. 704 advisory committee note) (collecting cases).  Because the Tasher declaration "expresses a legal conclusion" – that Cuddy's billing rates are reasonable – it constitutes improper expert testimony.  <u>See id.</u>  Accordingly, Judge Cave did not err in rejecting the Tasher declaration.

In any event, the Tasher declaration relies on rates Cuddy previously charged to other clients in other matters.  (Tasher Decl. (Dkt. No. 31) ¶¶ 95, 97)  The mere fact that different clients in different matters may have agreed to pay Cuddy a particular rate "does not establish that [that] rate is reasonable."  <u>S.H.</u>, 2022 WL 254070, at *7 (citing <u>M.H.</u>, 2021 WL 4804031, at * 11).  Moreover, the Tasher declaration is premised on work performed by three other law firms – Milbank, LLP, Shipman & Goodwin, and Riker Danzig Scherer Hyland &

12

Perretti LLP ("Riker Danzig") – and the work these firms performed is not comparable to the limited services that Cuddy provided here.  (See Tasher Decl. (Dkt. No. 31) ¶¶ 101, 104-06)  Two of the firms – Shipman & Goodwin and Riker Danzig – represent school districts and boards of education in IDEA cases in other districts.  (Id. ¶¶ 105-06)  Milbank "represented a class of plaintiffs in a class action alleging systemic violations of state and federal statutes and federal constitutional law."  LV v. N.Y.C. Dep't of Educ., 700 F. Supp. 2d 510, 515 (S.D.N.Y. 2010).  Accordingly, the Tasher declaration does not demonstrate that the billing rates Plaintiff seeks here are reasonable.

### 3.     Prevailing Rates in the Community

Plaintiff complains that – in making a reasonable billing rate determination – Judge Cave did not rely on "rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished[,]" as required by 20 U.S.C. § 1415(i)(3)(C). In support, Plaintiff cites to Greenburger v. Roundtree, No. 17 Civ. 3295 (PGG) (SLC), 2020 WL 6561598 (S.D.N.Y. Jan. 16, 2020), report and recommendation adopted, No. 17 Civ. 3295 (PGG) (SLC), 2020 WL 4746460 (S.D.N.Y. Aug. 16, 2020).  (Pltf. Obj. (Dkt. No. 55) at 4-5) Greenburger is of no assistance to Plaintiff, however, because it is a Section 1983 excessive force case.  Billing rates in a Section 1983 excessive case are not relevant to a determination of reasonable billing rates in an IDEA case.

Plaintiff contends, however, that the hourly rates Judge Cave set for attorneys Cuddy, Sterne, Mendillo, Coretti, Kopp, Bouchard, and Murray, and for the Cuddy paralegals, are too low.  (Pltf. Obj. (Dkt. No. 55) at 5-9)

According to Plaintiff, Judge Cave's rates for Cuddy and Sterne do not take into account their extensive experience in IDEA litigation, inflation, and other economic factors.

(Pltf. Obj. (Dkt. No. 55) at 5-6)  Plaintiff argues that, "years ago, the 'prevailing rates for experienced IDEA attorneys [were] in the range of $350 to $650 per hour'" (id. at 5 (alteration in original) (quoting D.B. v. N.Y.C. Dept. of Educ., 18 Civ. 7898 (AT) (KHP), 2019 WL 4565128, at *2 (S.D.N.Y. Sept. 20, 2019))), and that "rates [have] 'surely . . . increased since circa 2018" (id. (omission in original) (quoting A.B. v. N.Y.C. Dep't of Educ., No. 20 Civ. 3129 (SDA), 2021 WL 951928, at *3 (S.D.N.Y. Mar. 13, 2021))).  Plaintiff further contends that courts in this District have recognized "that inflation and [other] economic factors have brought the floor for senior attorneys to at least $400-420 – i.e., $50 higher than the '2018' floor and $25 higher than what [Judge Cave] recommends . . . ."  (Id. at 5-6)

The D.B. case cited by Plaintiff involves attorney services that were rendered in 2018, however, see D.B., 2019 WL 4565128, at *4 (noting that "Plaintiff seeks reimbursement for . . . work performed through November 30, 2018[]"), and the legal work at issue here began in 2018.  (See A. Cuddy Decl., Ex. A (Dkt. No. 27-1) at 2)  Accordingly, cases addressing attorneys' fee awards for legal work performed in 2018 are relevant here.  That case law – cited by Judge Cave – demonstrates that, in 2018, "'[t]he prevailing market rate for experienced, special-education attorneys in the New York area . . . was between $350 and $475 per hour.'" (Am. R&R (Dkt. No. 53) at 14 (alteration and omission in original) (quoting J.R. v. N.Y.C. Dep't of Educ., No. 19 Civ. 11783 (RA), 2021 WL 3406370, at *4 (S.D.N.Y. Aug 4, 2021))) This range remained the prevailing rate in 2019.  See L.L., 2022 WL 392912, at *3 (citing S.J., 2021 WL 100501, at *3).  Accordingly, Plaintiff's argument that Judge Cave improperly relied on prevailing rates from "years ago" is not persuasive.

Moreover, the services rendered in the cases Plaintiff cites are not comparable to the services rendered here.  For example, in A.B., 2021 WL 951928, plaintiff's counsel "was

14

required to prepare for and present evidence at a lengthy hearing, thus warranting a higher rate than the $360.00 proposed by the DOE." Id. at *4. As discussed above, the IHO proceeding in the instant case lasted one hour, and was largely uncontested. (Lawrence Decl. (Dkt. No. 38) ¶ 13) Indeed, the A.B. court distinguished another IDEA fees case, S.J. v. N.Y.C. Dep't of Educ., No. 12 Civ. 1922 (LGS) (SDA), 2020 WL 6151112 (S.D.N.Y. Oct. 20, 2020), as "materially different," noting that in S.J., "a $360.00 hourly rate was awarded to experienced special education lawyers[,] . . . [where] the DOE did not appear or offer evidence at a brief hearing where only a single witness was presented." A.B., 2021 WL 951928, at *4 n.7 (citing S.J., 2020 WL 6151112, at *1, *4). The circumstances in S.J. are much closer to the circumstances here.

In considering the Johnson factors, Judge Cave properly recognized Cuddy and Sterne's extensive experience as special education attorneys, but also correctly concluded that the largely uncontested nature of the administrative proceeding does not support enhanced billing rates.[2] (See Am. R&R (Dkt. No. 53) at 14-15) This Court adopts Judge Cave's determination that the reasonable rate for Cuddy and Sterne's services is $375 per hour.

Lilly, 934 F.3d at 231-33 – cited by Plaintiff – is not to the contrary. (See Pltf. Obj. (Dkt. No. 55) at 6-7) As an initial matter, Lilly does not concern attorneys' fee awards in IDEA cases. And – in finding that the district court "did not abuse its discretion" in reducing an attorney's requested rate from $625 to $450, Lilly, 934 F.3d at 233 – the Second Circuit did not purport to restrict "the basic hourly rate reduction that the district courts ha[ve] discretion to impose[,]" as Plaintiff argues. (Pltf. Obj. (Dkt. No. 55) at 6)

---

[2] And given that Cuddy and Sterne only billed 1.8 and 0.5 hours, respectively, to services related to the administrative proceeding (see A. Cuddy Decl., Ex. A (Dkt. No. 27-1) at 1), Plaintiff's argument for higher billing rates is particularly unpersuasive.

Plaintiff also complains that Judge Cave "omitted any actual prevailing rates for associates, . . . and further omits significant facts and other recent awards concerning those rates[] . . . ." (Id. at 8)  Judge Cave noted, however, that "Mendillo has been practicing IDEA law since 2014, Coretti since 2015, and Kopp since 2018." (Am. R&R (Dkt. No. 53) at 15 (citing A. Cuddy Decl. (Dkt. No. 27) ¶¶ 12-13))  In setting rates for these mid-level attorneys, Judge Cave also cited their actual involvement in the proceedings:

> The Court concludes that the reasonable hourly rate for Mendillo, who worked less than an hour on the administrative proceeding and less than three hours on the federal action, and Coretti, who has less experience than A. Cuddy and Sterne in IDEA litigation, is $300, and for Kopp, who focused on the less-specialized federal litigation, is $225.

(Id.)

Although Plaintiff complains that Judge Cave does not cite cases providing for higher rates (Pltf. Obj. (Dkt. No. 55) at 8), Judge Cave cites ample, recent case law justifying her rate determinations for the mid-level attorneys.  See, e.g., K.O., 2022 WL 1689760, at *9 (determining $250 hourly rate for Kopp); L.L., 2022 WL 392912, at *4 (determining $200 hourly rate for Kopp); S.H., 2022 WL 254070, at *6 (determining $300 hourly rate for Mendillo and Coretti, and $250 for Kopp); M.H., 2021 WL 4804031, at *14 (determining $280 hourly rate for Mendillo and Coretti, and $200 for Kopp); H.C., 2021 WL 2471195, at *5 (determining $300 hourly rate for Mendillo); S.J., 2021 WL 100501, at *4 (determining $200 hourly rate for Kopp). And while Plaintiff repeats her argument that Judge Cave should have provided for a "'passage of time' boost" (Pltf. Obj. (Dkt. No. 55) at 7), Judge Cave cites cases which – like the instant case – address legal work that occurred in 2018.  See, e.g., K.O., 2022 WL 1689760, at *1; S.H., 2022 WL 254070, at *1; H.C., 2021 WL 2471195, at *1; S.J., 2021 WL 100501, at *1.  This Court adopts Judge Cave's determination that the reasonable hourly rate for Mendillo and Coretti is $300, and that the reasonable hourly rate for Kopp is $225.

Plaintiff also argues that the rate Judge Cave set for junior attorneys Bouchard and Murray – $200 per hour – is too low.  (Pltf. Obj. (Dkt. No. 55) at 8)  In support of this argument, Plaintiff cites to a retainer agreement that DOE entered into in a different matter with a different law firm, in which DOE agreed to $300-per-hour billing rates for associate attorneys. (Id. (citing A. Cuddy Decl., Ex. C (Dkt. No. 27-3) at 2)  In making this objection, Plaintiff rehashes many of the same arguments she made to Judge Cave.  (Compare id. with Pltf. Br. (Dkt. No. 25) at 17-18)  To the extent that Plaintiff "rehash[es] . . . the same arguments set forth in [her brief before the magistrate judge]," see Vega, 2002 WL 31174466, at *1, this Court will only review the R&R for clear error.  IndyMac Bank, F.S.B., 2008 WL 4810043, at *1; Ortiz, 558 F. Supp. 2d at 451.

In concluding that a $200 hourly billing rate is appropriate for Bouchard and Murray, Judge Cave notes that they have been practicing IDEA law at Cuddy for less than two years.  (Am. R&R (Dkt. No. 53) at 16 (citing A. Cuddy Decl. (Dkt. No. 27) ¶ 12))  Judge Cave also cites case law awarding rates of $200 or less for such junior attorneys in IDEA cases.  (Id. at 16 (citing M.D., 2021 WL 3030053, at *4 (2021 decision reducing Bouchard's hourly rate to $150); S.J., 2021 WL 100501, at *4 (awarding $200 to junior Cuddy attorney)))  And while Plaintiff complains that the Amended R&R "omits any discussion" of DOE's retainer agreement with another firm in another case (Pltf. Obj. (Dkt. No. 55) at 8), Plaintiff has not shown that the rates DOE has agreed to pay different lawyers in a different matter demonstrate that the $200 rate set for Bouchard and Murray is unreasonably low.  In sum, this Court adopts Judge Cave's determination that a reasonable hourly rate for Bouchard and Murray is $200.

Finally, Plaintiff argues that the hourly rates Judge Cave set for paralegals – $100-125 per hour – is unreasonably low.  (Pltf. Obj. (Dkt. No. 55) at 8)  However, "[p]aralegals,

depending on skills and experience, have generally garnered between $100 and $125 per hour in IDEA cases in this District." R.G. v. N.Y.C. Dep't of Educ., No. 18 Civ. 6851 (VEC), 2019 WL 4735050, at *3 (S.D.N.Y. Sept. 26, 2019). "'Paralegals with evidence of specialized qualifications typically receive $120- or $125-per-hour.'" A.B., WL 951928, at *7 (quoting C.B. v. N.Y.C. Dep't of Educ., No. 18 Civ. 7337 (CM), 2019 WL 3162177, at *4 (S.D.N.Y. July 2, 2019)). "'Where plaintiffs have failed to provide evidence showing that a paralegal has special qualifications in the form of formal paralegal training, licenses, degrees, or certifications or longer paralegal experience, courts have typically awarded fees at the lower rate of $100-per-hour for that paralegal.'" Id. (citing C.B., 2019 WL 3162177, at *4).

Here, Plaintiff notes that Slaski has obtained a law degree, but Plaintiff does not disclose how many years of experience he has as a paralegal.  (See Pltf. Obj. (Dkt. No. 55) at 8; A. Cuddy Decl. (Dkt. No. 27) ¶ 28)  In any event, courts in this District have found that a reasonable rate for a paralegal with a law degree is $125 per hour.  See K.E. v. N.Y.C. Dep't of Educ., No. 21 Civ. 2815 (KPF), 2022 WL 4448655, at *13 & n.10 (S.D.N.Y. Sept. 23, 2022) (finding that $125 is a reasonable hourly rate for Slaski, noting that "[t]he differences in rates among the paralegals reflect . . . Mr. Slaski's law degree"); A.G. v. N.Y.C. Dep't of Educ., No. 20 Civ. 7577 (LJL), 2021 WL 4896227, at *8 (S.D.N.Y. Oct. 19, 2021) (awarding fees "at a rate of $125 an hour for Slaski," noting that "Slaski holds bachelor of arts and law degrees and was an intern in the New York State Attorney General Office prior to joining the Cuddy Law Firm"); see also M.H., 2021 WL 4804031, at *15 ("A rate of $125 an hour is reasonable for [the] time[]" of a paralegal who "has a Bachelor of Law degree . . . ."). Accordingly, as to Slaski, this Court finds that $125 is the reasonable hourly rate.

As to the remaining paralegals, Judge Cave considers the limited information Plaintiff provides regarding their qualifications, and concludes that "$125 is a reasonable rate for Shobna Cuddy ('S. Cuddy'), Sarah Woodard, Amanda Pinchak, and Allison Bunnell, each of whom has [several years of paralegal experience]," and that "$100 is a reasonable hourly rate[]" for "the paralegals with considerably less experience, Cailin O'Donnell, . . . Krista Smith, Allyson Green, and ChinaAnn Reeve[] . . . ." (Am. R&R (Dkt. No. 53) at 16 (citing A. Cuddy Decl. (Dkt. No. 27) ¶¶ 20-28)) This Court finds no error in Judge Cave's determinations.

Greenburger – cited by Plaintiff – is not to the contrary. (Pltf. Obj. (Dkt. No. 55) at 8) Although the Greenburger court awarded $150 per hour for paralegals (see Greenburger, 2020 WL 6561598, at *13) – as discussed above – the proceedings in Greenburger are not comparable to the proceedings here.

In sum, this Court finds that the reasonable hourly rate for Slaski is $125, and otherwise adopts Judge Cave's determination that $100-125 is a reasonable hourly rate for the remaining paralegals who worked on this matter. Accordingly, the amount awarded for Slaski's work is $90.00, rather than the $72.00 that Judge Cave recommended, and the total amount awarded for the administrative proceeding is $24,670, rather than the $24,652 that Judge Cave recommended. (See Am. R&R (Dkt. No. 53) at 20-21)

B.     **Reasonable Hours Expended**

Plaintiff requests attorneys' fees for 124.80 hours expended in the administrative proceeding (Am. R&R (Dkt. No. 53) at 18 (citing A. Cuddy Decl., Ex. A (Dkt. No. 27-1) at 1; A. Cuddy Decl. (Dkt. No. 27) ¶ 63)), and 117.20 hours expended in the instant federal action (id. at 21 (citing A. Cuddy Decl., Ex. A (Dkt. No. 33-1) at 1)).

Judge Cave finds that Plaintiff's counsel billed "excessive hours" in the administrative proceeding, and "expended excessive hours in this federal action, padding the [m]otion with arguments that not only lack merit but have been repeatedly rejected by courts in this District within the last year, as well as duplicative and unnecessary exhibits." (Id. at 20, 22)

Judge Cave explains in detail why the hours billed to this case are excessive, and she cites ample case law supporting her findings. As to the administrative proceeding – for which counsel billed 124.80 hours – Judge Cave notes that almost fourteen hours was billed for preparation of an eight-page due process complaint that did little more than recite M.A.'s educational history and the relief sought. (Id. at 19; see also A. Cuddy Decl., Ex. A (Dkt. No. 27-1) at 2-10) Administrative tasks were sometimes performed by an attorney, when a paralegal could have more efficiently performed the task. (Id. (citing A. Cuddy Decl., Ex. A (Dkt. No. 27-1) at 6, 10)) There was also duplicative billing, in which multiple personnel reviewed the same documents. (Id. at 19-20 (citing A. Cuddy Decl., Ex. A (Dkt. No. 27-1) at 2, 4, 6, 8, 9, 12-13, 18-19, 22-25)) And travel time between the same points varied wildly, suggesting significant inaccuracy. (Id. at 20 (citing A. Cuddy Decl., Ex. A (Dkt. No. 27-1) at 11-14, 17, 19)) Judge Cave addressed the excessive billing by recommending an across-the-board 20% reduction for hours billed to the administrative proceeding. (Id.) She concludes that Plaintiff should be awarded $24,652.00 in fees for the administrative proceeding. (Id.)

As to the instant proceeding, counsel billed 117.20 hours. (Id. at 21) In finding this billing excessive, Judge Cave notes that two attorneys billed almost four hours to draft "a five-page boilerplate complaint." (Id. (citing (A. Cuddy Decl., Ex. A (Dkt. No. 33-1) at 2-4) Attorneys once again performed work that should have been delegated to a paralegal. (Id. (citing A. Cuddy Decl., Ex. A (Dkt. No. 33-1) at 3)) Judge Cave also notes that Cuddy lawyers

repeated "multiple arguments that multiple courts in this District have rejected," including arguments regarding the Tasher declaration and the declarations from other attorneys who litigate special education cases. (Id.) Judge Cave also found that Cuddy had billed excessive hours regarding its motion for an attorneys' fee award. (Id. at 21-22) For all these reasons, Judge Cave recommends that a 50% across-the-board reduction be applied to the hours billed to the instant proceeding. (Id. at 22-23)

Finally, Judge Cave notes that DOE made an offer of settlement to Plaintiff on August 2, 2021, in the amount of $29,720, and thus Plaintiff cannot recover fees for work billed after this date unless the Court awards her more than $29,720. (Id. at 22)

After applying the billing rate reductions discussed above, and applying the 50% reduction in hours discussed above, Judge Cave concludes that Plaintiff is entitled to $1,127.50 for hours billed to the instant case through August 2, 2021. (Id. at 23) When this amount is added to the fee award recommended for the administrative proceeding ($24,652) and costs are considered ($612.55), the sum is $26,392.05, which is $3,327.95 less than DOE's offer of $29,720. (Id.) Judge Cave thus recommends that no fees be awarded for work performed after DOE's offer on August 2, 2021. (Id.)

In her objections, Plaintiff challenges Judge Cave's recommendation concerning a 20% reduction in hours billed in the administrative proceeding, and a 50% reduction in hours billed in the instant action. (Pltf. Obj. (Dkt. No. 55) at 9) Plaintiff argues that – instead of recommending "fully-across-the-board" reductions – Judge Cave should have identified specific areas for reduction. (Id.) As discussed above, however, Judge Cave listed many reasons why the hours billed were excessive. (See Am. R&R (Dkt. No. 53) at 18-23) And it is well established that, in "calculat[ing] an appropriate [attorneys' fee] award, '[t]he district

court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award' by a reasonable percentage." (Id. at 17 (third alteration in original) (quoting Hensley, 461 U.S. at 436-37; citing McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund, 450 F.3d 91, 96 (2d Cir. 2006))); see also R.P., 2022 WL 1239860, at *5, *7 (reducing hours billed on administrative proceeding by 20% and hours billed on federal action by 30%); M.D., 2021 WL 3030053, at *5-6 (reducing hours billed on administrative proceeding by 20% and hours billed on federal action by 50%).  This Court adopts Judge Cave's recommendation to impose across-the-board reductions to account for the excessive billing.

Plaintiff argues, however, that Judge Cave erred in finding that "[Plaintiff's counsel] included in the [m]otion multiple arguments that multiple courts in this District have rejected[]" (Am. R&R (Dkt. No. 53) at 21 (citing K.O., 2022 WL 1689760, at *11; S.H., 2022 WL 254070, at *7; H.C., 2021 WL 2471195, at *8; S.J., 2021 WL 100501, at *3, *4)), noting that two of the cases cited by Judge Cave – K.O. and S.H. – "were decided after briefing was complete in this case." (Pltf. Obj. (Dkt. No. 55) at 9)  But two of the cases cited by Judge Cave – H.C. and S.J. – were decided before the briefing in the instant case.  Accordingly, there is no merit in Plaintiff's objection.

Plaintiff also objects to Judge Cave's findings regarding counsel's failure to make proper use of paralegals for administrative work.  (Pltf. Obj. (Dkt. No. 55) at 8-9)  Plaintiff complains that Judge Cave found that attorney "Coretti could have had a paralegal conduct certain work, but then criticizes him for having 'internal communications or discussions' with a paralegal." (Id. (quoting (Am. R&R (Dkt. No. 53) at 19)))  But these points are not inconsistent. Judge Cave found that Coretti "performed administrative tasks that would have been more efficiently performed by a paralegal," and that "there are numerous instances of billing for

22

internal communications or discussions between Coretti and a paralegal." (Am. R&R (Dkt. No. 53) at 19 (citing A. Cuddy Decl., Ex. A (Dkt. No. 27-1) at 2, 4, 6, 8, 9-10, 12, 13, 22-25)) Judge Cave's point was that the paralegal should have been performing administrative tasks in the first place, and that the billing for communications between attorney Coretti and a paralegal was excessive. See M.H., 2021 WL 4804031, at *20 (noting that "billing [for] multiple attorneys and paralegals involved in internal conferences or discussions[]" is a "telltale sign[] of overbilling"). As discussed above, Judge Cave also properly notes where hours were and were not reasonably expended. See K.O., 2022 WL 1689760, at *12 (quoting Lunday, 42 F.3d at 134) ("The Court's task is to make 'a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended.'"). Plaintiff's objection is overruled.

C.  **Defendant's Reconsideration Request**

Plaintiff argues that DOE protracted this litigation by seeking reconsideration regarding Judge Cave's attorneys' fee award calculations. (Pltf. Obj. (Dkt. No. 55) at 2-3) There was nothing unreasonable in DOE's reconsideration request, however. Indeed, as a result of the reconsideration request, Judge Cave acknowledged and corrected a mistake made in the original R&R regarding Plaintiff's right to attorneys' fees after DOE's August 2, 2021 offer of settlement. (See Aug. 11, 2022 Def. Ltr. (Dkt. No. 49) at 2-3; Aug. 15, 2022 Order (Dkt. No. 52) at 4-6) Defendant filed a three-page letter one week after Judge Cave issued the initial R&R (see Aug. 11, 2022 Def. Ltr. (Dkt. No. 49)), and Judge Cave acknowledged and corrected the mistake in an Order and Amended R&R issued four days later (see Aug. 15, 2022 Order (Dkt. No. 52); Am. R&R (Dkt. No. 53)) In sum, because DOE promptly, succinctly, and correctly pointed out a

mistake in the original R&R, there is no basis for finding that DOE unreasonably protracted this litigation.

**D.      Rejection of Settlement Offer**

Plaintiff argues that Judge Cave erred in not granting attorneys' fees or costs after August 2, 2021 – the date of DOE's settlement offer – because she did not take into account that 20 U.S.C. § 1415(i)(3)(E) allows a prevailing parent "who is 'substantially justified in rejecting [a] settlement offer[]'" to be awarded attorneys' fees after rejecting the settlement offer.  (Pltf. Obj. (Dkt. No. 55) at 3 (quoting B.L. v. D.C., 517 F. Supp. 2d 57, 61 (D.D.C. 2007)))  Plaintiff has not cited any case suggesting that her rejection of DOE's settlement offer was "substantially justified," however.

Plaintiff instead argues that her rejection of the settlement offer was justified because it represented "less than two-thirds of just the hearing-level invoice."  (Pltf. Obj. (Dkt. No. 55) at 3)  But where an invoice is premised on inflated billing rates and excessive hours, that invoice cannot serve as justification for rejecting a settlement offer.  See T.A. v. N.Y.C. Dep't of Educ., No. 21 Civ. 7104 (GHW), 2022 WL 3577885, at *7 (S.D.N.Y. Aug. 19, 2022) (holding that "[p]laintiff was not substantially justified in rejecting [d]efendant's settlement offer[,]" where "the prevailing rates in the community [we]re far less than [Cuddy] demanded[]"); R.P., 2022 WL 1239860, at *6 (rejecting plaintiff's argument that she was justified in rejecting DOE's settlement offer where "the recent court decisions cited by the DOE (and the Court) take into account the prevailing market rates in the New York area[]").  Accordingly, Plaintiff's objection is not persuasive.

This Court finds the remainder of Judge Cave's Amended R&R to be well-reasoned and free of any clear error.

## CONCLUSION

For the reasons stated above, Magistrate Judge Cave's Amended R&R (Dkt. No. 53) is adopted in part. Plaintiff is awarded $24,670 in attorneys' fees for the administrative proceeding, $1,217.50 in attorneys' fees for the federal action, $612.55 in costs, and post-judgment interest pursuant to 28 U.S.C. § 1961.

The Clerk of Court will terminate the motion (Dkt. No. 23), and close this case.

Dated: New York, New York
        December 12, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge